# VIRGINIA DECISIONS.

BARNETT

*v.*

AMES.

(*Supreme Court of Appeals of Virginia, Sept. 13, 1871.*)

**Appellate Practice—Decrees—Formal Errors—Correction of.**

The appellate court will not reverse a decree for mere formal errors which may be corrected by that court, when upon the whole record it appears that the decree complained of is manifestly right or that no error was committed to the prejudice of the party seeking to reverse it.

**Judicial Sales—Failure to Ascertain Vague Interest in Land.***

In a decree for the sale of land it is not error for the court to fail to ascertain the fee simple and annual value of the interest of the defendant in certain estate descended to him, where the defendant does not state in his answer nor pretend to show by proof what is the nature or extent or value of such interest.

*A. R. Blakey,* for appellants.

*Robertson & Southall,* for appellees.

CHRISTIAN, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Albemarle.

The bill is filed by the appellee, who is a judgment creditor

---

*See monographic note on "Judicial Sales" appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.).

of the appellant, and seeks to subject his real estate to the payment of the judgment.

After setting out the judgment and the credits thereon, the bill alleges that "the only land owned by the appellant in the county of Albemarle is a tract of 180 or 190 acres" and the rents and profits of said land for five years will fall far short of paying the balance due on said judgment. It also alleges that the lien of his said judgment has priority over all other liens by judgment or otherwise, and prays that the land may be sold and the proceeds applied to the payment of the balance due on said judgment. The appellant (Barnett) answered the bill and admitted the recovery of the judgment as set out in the bill, and admits its priority over all other liens outstanding against his real estate. He also admits that the tract of land described in the bill is "all the land he owns except one undivided interest in the estate of Mat. N. Harris which he inherited from his daughter who was a grandchild of said Harris and who died intestate over 21 years of age." He alleges in his answer that since the rendition of the said judgment, there have been transactions between him and the appellee (Ames) and also between him and C. B. Ames & Co. of which firm the appellee was a member, and insists that he is entitled to a further credit to be applied to said judgment lien.

At the May term of said circuit court (1869) a decree was entered directing a commissioner of the court to take the following accounts :

1. An account showing the fee simple and annual value of the real estate owned by the said Barnett, and 2. An account of the amount due Eli Ames from said Barnett in which account the commissioner shall credit him for any amount found to be due him from the firm of C. B. Ames & Co.

At the October term, 1869, the commissioner returned his report showing that upon a settlement of all the outstanding claims between the parties, there remained due and unsatisfied upon said judgment on the 10th of September, 1869, the sum of $1,807.63, and that the annual value of the real estate was $110.00 and its fee simple value was $1,900.00.

To this report there were two exceptions: 1st, that it omits to find the fee simple and annual value or indeed any value of that part of the defendant's real estate mentioned in his answer as having descended to him from his daughter, consisting of her interest in the real estate of her grandfather, Matthew N. Harris. 2nd, that the report fixes the annual value of the 190 acres of land at $110.00 when there was an actual bid filed with the papers in the cause signed by Sydney and Virginia Barnett offering to pay annually for a term of five years $375.00—amply secured.

The court thereupon entered a decree *sustaining these exceptions*, and, without *formally confirming* said report, directed a commissioner to offer publicly for rent for five years to the highest bidder all the real estate belonging to the defendant Barnett, etc., and then provided that if upon such offer at public auction the said real estate could not be rented for a sum sufficient to pay in five years the balance of said judgment including the costs of the suit, then the commissioner should sell the same upon certain terms mentioned in said decree.

It is from this decree that an appeal has been allowed to this court.

The first error assigned in the petition of appeal is that the amount of the lien was not judicially ascertained before a decree for a sale. It is insisted that inasmuch as the court sustained the defendant's exceptions and did not confirm the report in other respects, it stands confirmed, and that therefore the actual amount due upon the judgment

has not been ascertained.  And as another ground of error, it is further insisted for the same reason that it did not appear to the court, as the statute requires, "that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years."

This court will not reverse a decree for mere formal errors which may be corrected by this court, when upon the whole record it appears that the decree complained of is manifestly right, or that no error was committed to the prejudice of the party seeking to reverse it.

In the case at bar the answer of the defendant admits the existence and amount of the judgment, and admits that it has priority over all other liens.  He asserts that the judgment is entitled to a further credit growing out of transactions subsequent to the rendition of the judgment.  The court directs its commissioner to settle an account of these transactions and report the balance due.  The commissioner, upon notice to the parties (after continuing the case once, because of the absence of the defendant's counsel), proceeds to state and settle an account of the transactions between the parties subsequent to the rendition of the judgment, and reports a balance due of $1,807.63.  This account is not excepted to in respect to the amount due, but is acquiesced in as the true balance between the parties, and should have been formally confirmed by the court.  The fact that it was not so confirmed is not such an error as requires the appellate court to reverse the decree.  It was acted upon by the court as the true and proper account, and not objected to by defendant.  The true and actual balance was thus judicially ascertained and the account should have been in terms, as it was by necessary implication, confirmed by the court.  And as to the court's right to have confirmed the report of the commissioner to the effect that, upon the evidence returned with the report, the annual rents and profits of the real estate subject to the lien, will not satisfy the judgment in five years.

It required only a simple calculation to show that the bid of $375.00 offered by Sydney and Virginia Barnett, even if made in good faith and upon undoubted security, would fall far short of paying the judgment in five years. And it would have not been erroneous for the court to have decreed an unconditional sale of the land instead of first requiring the commissioner to offer it publicly for rent and to sell only in the event that it would not rent for a sum sufficient to discharge the lien in five years.

But surely it is not for the defendant to complain of this course, directed by the decree. It is manifestly to his advantage and not to his prejudice, for he will still have the opportunity of availing himself of any bona fide offer of any party who may be willing to take the land at such annual rent as may in five years pay the balance due on the judgment for which the land is bound.

We are of opinion that the course adopted by the court is a convenient and proper one in every case where it is doubtful whether the annual rent will discharge the judgment in five years. And while in this case the court might have decreed upon the report and the evidence returned therewith, an unconditional sale, yet there was no error of which the defendant can complain in first directing the commissioner to offer the whole real estate for rent.

The court is further of opinion that there is no error in the decree complained of because the court failed to ascertain the fee simple and annual value of the interest of the defendant in certain estate descended from his daughter which she derived from her grandfather.

The defendant does not state in his answer nor pretend to show by proof what was the nature or extent or value of that interest. He exhibits no title deeds or other evidence, but simply asserts he has an interest through his daughter in the estate of Matthew Harris, her grandfather. What that

interest is, whether it could be made available, whether it had any rental value, is not even stated, much less shown by proof. This, it was for him to show. He had full opportunity to do so, but failed to furnish proof before the court as to the nature, extent or value of that interest.

We are therefore of opinion that the court ought to have overruled both exceptions to the commissioner's report, instead of sustaining those exceptions, and ought to have fully confirmed the report, but inasmuch as this error was not to the prejudice of the appellant, and the decree is in the main correct, it should be affirmed.